**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 14-cr-00293-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

5. ANGELA CONVERSE,

    Defendant.

## ORDER RE: FIRST MOTION FOR DISCOVERY

**Blackburn, J.**

The matter is before me again on the defendant's **First Motion for Discovery (Case Specific Discovery)** [#166][1] filed April 10, 2015. On June 19, 2015, I heard the motion and took it under advisement, pending the filing of a reply by the defendant to the related response [#190] of the government. The reply [#246] was filed July 14, 2015.

As directed by the court, the parties met and conferred on June 26, 2015. As a result the government provided additional discovery on June 4, 18, and 30, 2015, and on July 2, 2015. In her reply the defendant represents relevantly: "With one exception, as of this date, all items requested in Defendant's motion have now either been supplied, will be supplied at a future date, or the Government has represented the sought items do not exist or are not in its possession." Reply at 2, ¶ 6.

The defendant persists in her request for discovery consisting of the following:

5. Copies of the actual records received from phone service

---

[1] "[#166]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> providers in response to subpoenas, pen register orders, toll record requests and other call records. The Government has only provided a database it created from the service provider records it received, rather than the service provider records themselves. The actual records are necessary to determine whether an admissibility or other evidentiary challenge is warranted, and whether the DEA's database is complete and accurate.

Motion [#166] at 3, ¶ 5. The issue now is whether the government is required to produce the actual records it received from the relevant phone service providers or whether printouts from a DEA database is sufficient. On that issue additional briefing from the government is necessary.

**THEREFORE, IT IS ORDERED** that the government shall file a sur-reply addressing the means of production of the requested discovery by December 22, 2015.

Dated December 8, 2015, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge